Alla V. KALGANOVA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–3447.

United States Court of Appeals,
Sixth Circuit.

March 12, 2004.

Alla V. Kalganova, Mayfield Heights,
OH, pro se.

John C. Cunningham, Elizabeth J. Stevens, U.S. Department of Justice, Office of
Immigration Litigation, Washington, DC,
for Respondent.

Before BOGGS, Chief Judge;
DAUGHTREY, Circuit Judge; and
ALDRICH, District Judge.*

### ORDER

Alla V. Kalganova, a citizen of Uzbekistan currently residing in Ohio, petitions
pro se for review of an order of the Board
of Immigration Appeals dismissing her appeal from a decision of an Immigration
Judge denying her applications for asylum
and withholding of removal, 8 U.S.C.
§§ 1158, 1231(b)(3). This case has been
referred to a panel of the court pursuant
to Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously

---

* The Honorable Ann Aldrich, United States
District Judge for the Northern District of
Ohio, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kalganova was born in the former Soviet Union in 1940, in a part of the country that became independent Uzbekistan in 1991. She entered the United States in 1997, and overstayed her visa. She applied for asylum, withholding of removal, relief under the United Nations Convention Against Torture, and voluntary departure. A hearing was held before an Immigration Judge (IJ), at the conclusion of which all relief other than voluntary departure was denied. Kalganova appealed through counsel to the Board of Immigration Appeals, but her appeal was dismissed. In her brief on appeal, Kalganova notes that she is living with her daughter and her family in Cleveland, and has no family in Uzbekistan.

A decision denying an application for asylum may be overturned only if the record compels a reasonable factfinder to find that eligibility for asylum was clearly established. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Upon careful consideration, we conclude that the record in this case does not meet that standard.

 An asylum applicant bears the burden of proving that she is a refugee who is unwilling to return to her home country because of a well-founded fear of persecution, and that she merits a favorable exercise of discretion by the Attorney General. *Koliada v. INS,* 259 F.3d 482, 486–87 (6th Cir.2001). Kalganova's brief addresses only the latter portion of her case, and does not point to any error in the IJ's conclusion that she did not establish that she is a refugee eligible for asylum. In support of her application below, Kalganova testified that she is a Russian-speaking Jew in a country that is mostly Uzbek-speaking and Moslem. She submitted documentary evidence showing that seventy percent of the Jews living in Uzbekistan have emigrated since its independence, mostly for economic reasons. She also submitted a copy of an anonymous letter containing a death threat against her, which she testified was typical of other threatening letters and phone calls she received. The IJ properly concluded that such verbal harassment and intimidation, unaccompanied by any infliction of harm, was insufficient to establish persecution. *Mikhailevitch v. INS,* 146 F.3d 384, 390 (6th Cir.1998). Moreover, the IJ also noted that the persecution Kalganova alleged was not sanctioned by the government, and that Kalganova had not shown that the government was unable or unwilling to control those responsible. *See Sotelo–Aquije v. Slattery,* 17 F.3d 33, 37 (2d Cir. 1994). Kalganova testified that she took the letters to the police, but they were unable to help her because the letters were anonymous. This does not equate with an unwillingness to prosecute if there were any evidence on which the authorities could proceed. Accordingly, we conclude that Kalganova failed to establish that she is a refugee eligible for asylum. The failure to establish eligibility for asylum necessarily implies that Kalganova is unable to establish entitlement under the more stringent standards for withholding of removal. *Mikhailevitch,* 146 F.3d at 391. Finally, Kalganova does not argue that she has shown that she will be tortured on her return, in order to warrant relief under the Convention Against Torture.

For all of the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.